UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN N. CASTANEDA,

        Plaintiff,

                                            Case No. 10-CV-13724
v.                                        HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

ORDER ACCEPTING AND ADOPTING DECEMBER 7, 2011 REPORT
AND RECOMMENDATION (#13), DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (#11), GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (#9), REVERSING DECISION REGARDING
OVERPAYMENT, AND REMANDING FOR REINSTATEMENT OF CLAIM

      This is an action for judicial review of defendant's decision requiring plaintiff to repay an overpayment of disability insurance benefits in the amount of $46,750.30 accumulated between June 1995 and September 2002 due to plaintiff's alleged engagement in substantial gainful activity while in pay status with SSA. The parties filed cross-motions for summary judgment. The matter was referred to Magistrate Judge Whalen, who issued a report and recommendation on December 7, 2011, recommending defendant's motion for summary judgment be denied, plaintiff's motion for summary judgment be granted, the Commissioner's order regarding overpayment be reversed, and the matter be remanded to the Commissioner for immediate reinstatement of the original claim with a retroactive award of benefits. On December 21, 2011, defendant filed objections to the report and recommendation. Plaintiff filed a response to the objections on February 6, 2012.

In his objections, defendant argues: (1) the ALJ's decision is supported by substantial evidence; and (2) even if the ALJ's decision is not supported by substantial evidence, the appropriate remedy is to remand for additional fact-finding rather than to award benefits.

First, defendant argues the ALJ reasonably found that plaintiff did not rebut the presumption that she had engaged in substantial gainful activity during her claimed period of disability. The ALJ believed plaintiff's testimony regarding her work conditions was not credible and relied on the vocational expert's testimony that some variability in work conditions was allowed in the type of creative work in which plaintiff was engaged. Defendant argues the vocational expert's testimony constitutes a sufficient basis upon which to affirm the ALJ's finding that plaintiff engaged in substantial gainful activity. See Tyra v. Sec'y of Health & Human Servs., 896 F.2d 1024, 1030-31 (6th Cir. 1990) (affirming ALJ's decision where vocational expert testified work was not "make-shift" and secretary compared claimant's job duties to those of unimpaired people employed in similar occupations). However, as explained by Magistrate Judge Whalen, the ALJ cited the vocational expert's testimony for the proposition that the "end product" is the important thing and plaintiff testified that she was unreliable. Defendant also argues Magistrate Judge Whalen erred in not assigning appropriate deference to the ALJ's credibility finding. Defendant states the ALJ identified at least one discrepancy between plaintiff's testimony and the information in the record. Defendant cites to pages 21-22 of the record, but these pages do not identify a discrepancy. The ALJ states plaintiff represented "that she worked 25 to 30 hours per week at Equinox. The undersigned finds the claimant to not be fully credible." Defendant argues the "25 to 30 hours" representation conflicts with plaintiff's

work activity report, dated September 16, 1995, indicating she works 8 hours per day, Monday through Friday.  On December 3, 2007, plaintiff testified that she was hired as a full-time employee but "actually worked" 25 to 30 hours per week.  As discussed by Magistrate Judge Whalen, the ALJ's credibility finding must be based on specific reasons.  Here, the ALJ did not discuss this alleged discrepancy in his report or otherwise explain his credibility finding.  As thoroughly covered by Magistrate Judge Whalen, the ALJ mis-characterizes plaintiff's testimony.  This court agrees with Magistrate Judge Whalen's finding that substantial evidence does not support the ALJ's finding that plaintiff was engaged in substantial gainful activity for the disputed period of time.

Second, defendant argues Magistrate Judge Whalen exceeded the bounds of judicial review by recommending reinstatement of benefits and instead should have remanded the case to the ALJ for further review.  Defendant argues that, in ordering immediate reinstatement of benefits, Magistrate Judge Whalen necessarily had to credit plaintiff's testimony and find no medical improvement had occurred.  Magistrate Judge Whalen explained how, in this case, plaintiff's "accommodated" work position is inextricably intertwined with her medical condition.  The failure of the ALJ to address plaintiff's medical records therefore becomes relevant.  In addition, plaintiff's original file was lost by the SSA.  Magistrate Judge Whalen found plaintiff's ability to defend her position has been compromised as a result of the loss of her file and inordinate delay by defendant.  Defendant argues obduracy with regard to the defendant's behavior is not enough for a finding of disability.  However, here, the passage of time and the loss of plaintiff's file by SSA would deprive plaintiff of a full and fair hearing.  Magistrate Judge Whalen cites a regulation providing "[i]f relevant parts of the prior record are not reconstructed either

because it is determined not to attempt reconstruction or because such efforts fail, medical improvement cannot be found." 20 CFR 404.1594(c)(3)(v). Magistrate Judge Whalen explains how the "reconstructed" medical file is limited and therefore remand for further fact-finding would be futile. He concludes by finding "delay due to administrative errors; the lack of evidence to support the SGA findings or a medical improvement; and extreme prejudice to Plaintiff mandate the remand of this case for an immediate award of benefits."

The court has reviewed the report and recommendation and finds it thorough and appropriate. Accordingly,

The court hereby adopts Magistrate Judge Whalen's December 7, 2011 report and recommendation, denies defendant's motion for summary judgment, grants plaintiff's motion for summary judgment, reverses the Commissioner's order regarding overpayment, and remands to the Commissioner for immediate reinstatement of the original claim with a retroactive award of benefits.

SO ORDERED.

Dated: February 14, 2012

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk