UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN CASTANEDA,

        Plaintiff,

v.

        CASE NO. 2:10-CV-13724
        HONORABLE GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY FEES (Doc. 18)**

This Social Security disability lawsuit was decided in plaintiff Susan Casteneda's favor and defendant Commissioner of Social Security was ordered to remove an alleged overpayment of benefits of $46,750.30 and to pay an additional $63,640 in benefits. Castaneda is now deceased and is survived by her adult daughter. Now before the court is plaintiff attorney Timothy O'Rourke's motion for attorney fees in the amount of 25 percent of past due benefits which represents the amount set forth in his contingency fee agreement with Castaneda. The Commissioner opposes the motion for fees on the grounds that counsel has not yet shown an award certificate from the Social Security Administration, the hourly rate he seeks is excessive, and the fees sought, if awarded, would amount to an unfair windfall to counsel. For the reasons set forth below, counsel's motion for attorney fees shall be granted in full.

-1-

Attorney fees are properly awarded to a claimant who is successful on her Social Security disability administrative appeal pursuant to 42 U.S.C. § 404(b) which provides:

(b) Fees for representation before court

(1)(A) Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401 et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The above quoted provision sets a cap of 25 percent on contingency fees which is the amount sought here.

Defendant's argument that counsel's request is premature is moot as O'Rourke has now received and submitted a copy of an award letter from the Social Security Administration showing total benefits owing and instructing counsel to send a petition for fees to this court. That notice further notified Casteneda's next of kin that it was withholding $15,910 because that amount represents 25 percent of past due benefits representing the maximum amount of attorney fees allowed under the law. (Doc. 22).

The Supreme Court has squarely upheld contingency fee agreements as "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The Supreme Court further has directed the courts to review such contingency fees for reasonableness. Id. at 808. There is a "rebuttable presumption that an attorney will receive the full 25% contingency fee under contract." Hayes v. Secretary of Health & Human Services, 923

F.2d 418, 419 (6th Cir. 1990) (citations omitted). The decision whether to award attorney's fees under Section 401(b)(1) is committed to the sound discretion of the district court, and the decision awarding or denying fees is reviewed on appeal under the deferential abuse of discretion standard. See Damron v. Commissioner of Soc. Sec., 104 F.3d 853, 856 (6th Cir. 1997). Where, as here, a contingent fee arrangement of 25 percent is involved, the court should give effect to the agreement unless a deduction is warranted due to: (1) improper conduct or ineffective assistance of counsel, or (2) a windfall to counsel resulting from either an inordinately large benefit award or a minimal expenditure of effort. Id. at 856 (citing Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). Neither situation exists here.

The Commissioner does not allege, nor is there any basis, to suggest improper conduct or ineffective assistance of counsel. To the contrary, counsel was successful in his representation of Castaneda. The court turns now to the second possible basis for rejecting a contingency fee award in a disability benefits case - whether such an award would amount to an unfair windfall to counsel. Defendant argues that an award of the full 25 percent of past due benefits would amount to a windfall because counsel's fee records show that most of the attorney work alleged occurred prior to the filing of this case in district court. Defendant is correct that fees under Section 406(b) are awarded solely for work before the district court. See Horenstein v. Secretary of Health & Human Services, 35 F.3d 261, 262-63 (6th Cir. 1994). For work done at the administrative level, the proper recourse is to seek fees from the agency under Section 406(a). Id. According to the time records submitted, O'Rourke worked a total of 66.75 hours on this case, but only 16.75 of those hours were spent in representation in this court following the denial of benefits in the

administrative proceeding below. (Doc. 18). According to the time records submitted, counsel billed at the amount of $150 per hour. Using the figure of only 16.75 hours worked on this matter before the district court, not the 66.75 total hours including work at the administrative level, the Commissioner contends that counsel is seeking fees at an hourly rate of nearly $600 per hour.

In deciding whether this amounts to an unfair windfall, this court is guided by the Sixth Circuit's opinion in Hayes, where the court established a formula for determining the threshold level at which a windfall can never be found to exist. Hayes , 923 F.3d at 422. In that case, the Sixth Circuit explained that doubling the standard hourly rate charged in the relevant market, creates a permissible "floor" below which any fee award is per se reasonable. Specifically, the Sixth Circuit ruled:

> [A] windfall can never occur when a contingent fee contract exists [and] the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less then *twice* the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

Id. (emphasis added). Under this formula, the court would equate the adjusted hourly rate as $300 allowing for a minimum recovery of $5,025. A careful review of similar cases filed before this court shows that other counsel typically expended between 25 to 35 hours on Social Security disability cases like this one. Counsel should not be penalized for his efficiency in representing Castaneda here. Taking the above factors into account and assuming that a reasonable amount of time to work on the case would be about 30 hours, a minimum reasonable fee under the rationale of Hayes would total approximately $9,000.

In deciding whether awarding the full 25 percent sought by counsel is reasonable, the court is mindful that Casteneda signed a contingency fee agreement which clearly provided, "[i]f it becomes necessary to appeal the determination of the Administration to the Federal District Court, then the parties understand and agree that the fee shall be 25 percent of all past due benefits without limitation upon approval by the appropriate Court or Administrative body." (Doc. 18, Ex. B). This court has awarded attorney fees of the full 25 percent in cases which left a much smaller recovery to the claimant than that sought here. In determining the reasonableness of attorney fees, the Sixth Circuit has cautioned that the award must not "unduly erode the claimant's benefits." Royzer v. Secretary of Health & Human Serv., 900 F.2d 981, 982 (6th Cir. 1990).

There is no danger that awarding the fees in accordance with the contingency fee agreement here will strip claimant's daughter of a real recovery. Because the amount of benefits due is somewhat substantial, $63,640, were this court to award the full contingency amount sought, claimant's next of kin, her adult daughter, will still recover $47,730. The court does not find that granting counsel the total amount of fees sought will unfairly diminish the recovery to claimant's daughter. The award is exactly what claimant agreed to when she retained counsel, and the fees sought are not wildly out of proportion to the work expended on the case. To deny counsel the benefit of his fee agreement with claimant here, would discourage the plaintiff's counsel, in particular, and the Social Security attorney's bar, in general, from accepting these types of cases which are difficult to prove and even harder to win. Accordingly,

It is hereby ORDERED that Attorney Timothy O'Rourke's motion for attorney fees in the amount of $15,910 is GRANTED.

**IT IS SO ORDERED**.

Dated: May 23, 2013

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 23, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---